## CAMP v STATE

Ohio Appeals, 4th Dist, Vinton Co
Decided October 6, 1930

Louis M. Day, Chillicothe, for Camp.
C. O. Chapman, Prosecuting Attorney, McArthur, for State.

BY THE COURT

Clinton Camp in this proceeding seeks to reverse a judgment of conviction for manufacturing intoxicating liquor.

The first error suggested is that the state failed to prove any venue of the offense charged. This suggestion is not well taken. The sheriff testified that he saw the accused on the Tarr Farm in Clinton Township, Vinton County, Ohio, on the 13th day of November and that he was then in the door of a building where a still or stills were being operated. It was thus clearly proven that whiskey was being manufactured in Vinton County at the time in question and in a building in which the accused was found. Other testimony tends to show that all of the things testified to were on the Tarr Farm. There was no evidence of any Tarr Farm except the one in Vinton County to which the sheriff had testified. Venue was consequently proven.

The second complaint runs to the fact that the state did not put in evidence all

of the exhibits that it might have used; that is to say, that the state showed certain parts of a still or stills but did not exhibit the entire apparatus that its evidence tended to show was being employed at the time and place in question. The claim is then made that the state had no right to prove that a still was in operation unless it introduced all of the component parts of the still as exhibits. There is nothing in this contention. The state is not bound to offer in evidence a pistol in order to prove that a homicide was committed by that pistol. The evidence in this case, without objection, showed that a still was in operation and the state was under no obligation to offer the still or any part of it if it did not so desire. The charge of the court to the jury in this respect was entirely correct.

Finally it is argued that the evidence of the guilt of the accused was not clear. It was for the jury to determine whether the guilt of the accused was shown beyond a reasonable doubt and we have no inclination to disturb its finding. That liquor was being manufactured is undisputed. That the accused was the only person present is likewise undisputed, and that he was actually testing the proof of the whiskey being distilled is testified to by witnesses for the state. This would have been sufficient to have warranted a conviction. In addition to that, the evidence shows that the accused when arrested stated to one of the arresting officers that he had formerly had a job elsewhere and continued: "I came down here and got to messing up with this liquor business. See where I am at." It is difficult to see how any other verdict could have been rendered except that reached by the trial jury.

Middleton, PJ, Mauck and Blosser, JJ, concur.